O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NANCY L. JONES WEIMER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 06-07357 AN<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND WANT OF PROSECUTION |

## I. Summary

For the reasons discussed below, Marc V. Kalagian's motion to withdraw as counsel for plaintiff Nancy L. Jones Weimer ("Plaintiff") is granted, and this action is dismissed with prejudice for Plaintiff's failure to comply with the Court's Order dated August 2, 2007, and want of prosecution.

## II. Background

On January 19, 2007, Plaintiff, through her counsel of record, Mr. Kalagian, filed a complaint for review of the decision of the Commissioner of the Social Security Administration denying the plaintiff's application for disability benefits.

///

On July 31, 2007, Mr. Kalagian filed a motion to withdraw as counsel ("Motion"). On August 2, 2007, the Court issued an order directing Plaintiff to file and serve an appropriate response to the Motion no later than August 10, 2007 ("8/2/07 Order"). Plaintiff was warned the Motion would be granted, and that the action would be dismissed for failure to prosecute and disobedience with the 8/2/07 Order, if she failed to file and serve a proper response by August 10, 2007. Court records show that Plaintiff has not filed and served any response.

### III. Discussion

**A.    Mr. Kalagian's Motion To Withdraw Is Granted.**

The Court has reviewed the Motion and finds that it sets forth good cause to allow Mr. Kalagian to withdraw.  Further, by failing to file and serve an opposition to the Motion despite being ordered to do so, the Court finds Plaintiff has consented to the granting of the Motion. Local Rule 7-12. Accordingly, the Motion is granted; Mr. Kalagian is no longer counsel of record and Plaintiff is substituted in to represent herself in *pro se*.

**B.    The Action Is Dismissed Pursuant to Fed.R.Civ.P. 41(b).**

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) *cert. denied*, 506 U.S. 915, 113 S. Ct. 321, 121 L.Ed.2d 242 (1992). Local Rule 41-1 also permits the Court to dismiss an action after notice for want of prosecution.  Before dismissing the action, "the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik,* 963 F.2d at 1260-61, quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986) and *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986).

The Court finds that, with the exception of the fourth factor, the four other *Ferdik*

1 factors favor dismissal of this action.

2     The first and second factors favor dismissal because Plaintiff's failure to file and serve a timely response to the Motion has interfered with the expeditious resolution of this case and the Court's need to manage its busy docket.

    The third factor favors dismissal because "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "The law presumes injury from unreasonable delay." *Id*.

    Finally, factor five also warrants dismissal. Specifically, the Court gave Plaintiff an opportunity to avoid dismissal by simply filing a timely response to the Motion. No response was filed even though Plaintiff was given a reasonable amount of time to prepare such a response, and was expressly warned the action would be dismissed without further notice if she did not file an appropriate and timely response to the Motion. The procedure employed by the Court constituted an attempt at a less drastic sanction to that of outright dismissal. *Ferdik,* 962 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

## IV. Conclusion

For the reasons stated above, Mr. Kalagian's Motion to withdraw is granted and it is ordered that this action is dismissed with prejudice.

DATED: September 4, 2007

                                   / s /
                           ARTHUR NAKAZATO
                    UNITED STATES MAGISTRATE JUDGE